UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RIK LINEBACK, Regional Director of the Twenty-Fifth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, | ) ) ) ) ) ) |
| Petitioner, | ) CASE NO. 1:07-cv-0599-DFH-TAB |
| v. | ) ) ) |
| SPURLINO MATERIALS, LLC, | ) ) |
| Defendant. | ) |

ORDER

This case calls to mind the old adage: "Be careful what you ask for." The Regional Director of the NLRB filed this action on the afternoon of Friday, May 11, 2007, seeking emergency injunctive relief under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). The petition stated in part, in Paragraph 8: "Unless injunctive relief is *immediately* obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights for the entire period required for Board adjudication, a harm which cannot be remedied in due course by the Board." (Emphasis added.) The petition further stated on information and belief, in Paragraph 12, that unless defendant's conduct is "immediately enjoined and

restrained," defendant would continue the alleged unlawful practices. The petition further requested "expedited consideration."

The court saw the petition on Monday morning, May 14, 2007. Treating the request for urgent relief seriously, in light of the allegations, the court immediately issued an order setting the matter for a hearing on Thursday, May 17, 2007. The court directed the NLRB's attorneys to notify defendant of that hearing and of the court's additional order that the defendant file a written response by the close of business on Wednesday, May 16, 2007.

It now appears that the petitioner does not actually want the immediate relief that the petition certainly seems to request. Instead, the petitioner wants to wait several weeks while the Board's administrative processes go forward, and then to file the transcript of the administrative hearing. Today the petitioner has moved to vacate the hearing set for May 17th. The court will not treat the case more urgently than the petitioner does, so the court will vacate the hearing. But the court cannot also be confident that it will be immediately available if and when the petitioner is ready to seek the requested relief.

The court is also vacating the order to defendant to respond immediately to the petition. The court also takes no action at this time on the petitioner's motion to determine the scope of the record the court will consider. In the absence of a truly pressing emergency, that question can await a reasonable time for defendant

to respond. When either party actually wants the court to take some action, an appropriate motion should be filed. If the petitioner does not want immediate action on what is framed as an urgent request, he should say so clearly.

So ordered.

Date: May 15, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Joanne Catherine Mages
NATIONAL LABOR RELATIONS BOARD
joanne.mages@nlrb.gov

Gladys Rebekah Ramirez
NATIONAL LABOR RELATOINS BOARD
rebekah.ramirez@nlrb.gov

Robert J. Brown
Thompson Hine, LLP
2000 Courthouse Plaza, NE
10 West Second Street
Dayton, Ohio 45402

Geoffrey S. Lohman
Fillenwarth, Dennerline, Groth & Towe
1213 North Arlington Ave.
    Suite 204
Indianapolis, IN 46219